MARGARET LENEHAN, Respondent, v. THE CITY OF NEW YORK, Appellant.

First Department, April 1, 1938.

*Edward J. McGratty, Jr.*, of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellant.

*Thomas F. Franklin* of counsel [*Matthew J. Horan*, attorney], for the respondent.

PER CURIAM. Plaintiff claimed that she slipped on ice that lay hidden underneath five or six inches of freshly fallen snow on the sidewalk in front of 4 East Eightieth street, New York, N. Y., and that the alleged icy condition had existed on that particular sidewalk for at least four days prior to the accident.

The accident happened at nine P. M. on February 1, 1934. While no snow had fallen for the whole of the previous month of January, 1934, except a trace on January twenty-ninth, three days before the accident, it was established by the New York Meteorological Observatory reports introduced in evidence by defendant that on February 1, 1934, the day of the accident, it had snowed continuously from eight-thirty-five A. M. until about midnight, and by eight P. M., one hour before the accident, the depth of snow on the ground was seven and eight-tenths inches. The reports of the United States Weather Bureau, introduced in evidence by plaintiff, show substantially the same conditions, namely, a snowfall of nine and six-tenths inches from midnight to midnight on February first, though plaintiff testified it had stopped snowing for two hours before nine P. M. on that day. Between January twenty-ninth and February first the temperature was consistently below the freezing point, falling as low as six degrees above zero on the twenty-ninth, seven on the thirtieth, and ten degrees on the thirty-first. It appears, therefore, that the accident happened in one of the heaviest snowstorms that the city had seen in a month or more. Under all the facts and circumstances disclosed, including the fact that plaintiff's testimony was conclusively disproved by the documentary evidence, there was no actionable negligence whatever established against the city, and the defendant's motion to dismiss should have been granted.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

Present — MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ.

Judgment unanimously reversed, with costs, and complaint dismissed, with costs.